IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOSEPH CASSES, JR.,** | § | NO. _____ |
| | § | |
| **Plaintiff** | § | **JURY DEMANDED** |
| | § | |
| v. | § | |
| | § | |
| **KONECRANES, INC.** | § | |
| | § | |
| **Defendant** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Joseph Casses, Jr., files this Original Complaint and respectfully argues as follows:

### I.  INTRODUCTION

1. Joseph Casses, Jr. is sixty (60) years old. From August 8, 2013 to April 19, 2018, Mr. Casses worked for Konecranes, Inc. ("Konecranes") as a Service Supervisor in its Beaumont office. Despite Mr. Casses' good work and substantial contributions to Konecranes during his almost five (5) year tenure, Konecranes terminated Casses on April 19, 2018. As detailed below, Konecranes terminated Casses because of his age. Accordingly, this lawsuit is designed to remedy Konecranes' violation of Mr.

Casses' rights under the Age Discrimination In Employment Act ("ADEA").

## II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. section 626(c)(1), in that a claim is asserted under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391.

## III. PARTIES

4. Plaintiff, Joseph Casses, Jr. ("Casses") resides in Port Arthur, Texas.

5. Defendant, Konecranes, Inc. ("Konecranes") is an international corporation with offices in Houston, Harris County, Texas. Konecranes may be served with process through its registered agent: National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201

## IV. FACTS

6. Joseph Casses, Jr. ("Casses")—who is sixty (60) years old—has substantial experience working in the crane industry.

7. On or about August 8, 2013, Konecranes, Inc. employed Casses as its Service Supervisor in its Beaumont office.

8. Throughout Casses' employment as a Service Supervisor, Konecranes awarded him annual performance bonuses for his good work and substantial contributions.

9. On or about March 9, 2018, Chris Pena—Konecranes' Operations Manager for its Southwest region—which includes Beaumont—informed Casses that Konecranes intended to hire "millennials" to replace him (Casses) and other "old dogs."

10. On April 19, 2018, Konecranes terminated Casses—without any explanation.

11. After terminating Casses, Konecranes replaced Casses with a substantially younger, less qualified individual.

12. Konecrane's age discrimination against Casses, as asserted herein, has caused Casses extensive damage within the jurisdictional limits of this court, including, but not limited to: back pay and benefits; front pay and benefits; and other economic and non-economic damage.

13. All conditions precedent to the filing of this action have been performed or have occurred, including, but not limited to, Casses' exhaustion of administrative remedies before the United States Equal Employment Opportunity Commission ("EEOC").

Plaintiff, Joseph Casses, Jr., incorporates by reference herein the allegations contained in paragraphs 1 through 13, *supra*, and further avers as follows:

### FIRST CAUSE OF ACTION

14. Konecranes, Inc. violated Joseph Casses, Jr.'s rights under the Age Discrimination in Employment Act (29 U.S.C. section 621 *et seq.*) by discharging and otherwise discriminating against him on the basis of his age with respect to his compensation, terms, conditions, and privileges of employment; and by limiting, segregating, and classifying him in a way that deprived or tended to deprive him of employment opportunities or adversely affected his status as an employee because of his age.

Accordingly, Plaintiff, Joseph Casses, Jr., respectfully moves this Honorable Court, after trial by jury, for the following relief:

1. Declaratory Judgment that Konecranes, Inc. violated his rights under the ADEA;
2. Injunction preventing Konecranes, Inc. from engaging in any further violations of his rights under the ADEA and requiring it to take affirmative steps to ensure that the company does not engage in the same or similar violations of other employees' rights under the ADEA in the future;

3. Back pay and benefits;

4. Front pay and benefits;

5. Actual damages;

6. Liquidated damages;

7. Reasonable attorney's fees and costs;

8. Pre-judgment and post-judgment interest; and

9. All other relief, whether at law or in equity, to which he is justly entitled.

Respectfully submitted,

**/s/ Scott Newar**
SCOTT NEWAR
State Bar Number 14940900
440 Louisiana, Suite 900
Houston, Texas 77002
Telephone: (713) 226-7950
Fax: (713) 226-7181
E-Mail: newar@newarlaw.com
ATTORNEY-IN-CHARGE
FOR PLAINTIFF, JOSEPH CASSES, JR.